AO 91 (Rev. 11/11) Criminal Complaint                              AUSA Kirsten Moran (312) 722-2291

**FILED**
5/20/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 24 CR 254 |
|---|---|
| v. | **UNDER SEAL** |
| RENE VAZQUEZ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about May 8, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | possession of a firearm by a felon |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Mariela Lopez*
MARIELA LOPEZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: May 20, 2024  11:00am                                    *Judge's signature*

City and state: Chicago, Illinois                              Jeffrey Cole, U.S. Magistrate Judge
                                                               *Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, MARIELA LOPEZ, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed for three and a half years. My current responsibilities include the investigation of firearms and violent crimes, including, among others, the illegal sale of firearms, firearm possession by felons, kidnapping, bank robbery, and the apprehension of violent fugitives.

2. This affidavit is submitted in support of a criminal complaint alleging that Rene Vazquez has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging VAZQUEZ with being a felon in possession of a firearm, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge; information obtained from other agents and witnesses, including a confidential source; physical surveillance; my review of written reports; audio and video recordings; law enforcement databases; information obtained pursuant to a search warrant; my training and experience, and the training and experience of other law enforcement

agents with whom I have consulted. Unless otherwise indicated, wherever I assert than an individual made a statement, that statement is not intended to be a verbatim recitation of that individual's statement. Furthermore, unless otherwise indicated, all statements contained in this affidavit are summaries in substance and in part.

I. **FACTS ESTABLISHING PROBABLE CAUSE**

4. In summary, and as detailed below, between in or about March 2024 and May 2024, federal and local law enforcement jointly conducted a firearms and narcotics investigation concerning the unlawful possession and distribution of firearms and narcotics by VAZQUEZ and others. During this time, VAZQUEZ agreed to sell firearms and narcotics to law enforcement undercovers officers.

5. Specifically, on May 8, 2024, VAZQUEZ sold undercover agents a Glock model 22 pistol and a Rock Island 1911 firearm in exchange for $2,100. A review of VAZQUEZ's criminal history shows that he is a convicted felon. In addition, a nexus determination concluded that the Glock Model 22Gen4 40 caliber pistol and the Rock Island Armory Model 1911A1 45 caliber firearm, purchased by undercover agents on May 8, 2024, were not manufactured in Illinois and therefore traveled in and affected interstate commerce.

**Background on VAZQUEZ**

6. During the course of the investigation, law enforcement agents with the ATF and investigators with the Cook County Sheriff's Department High Intensity Drug Trafficking Area (HIDTA) learned that Rene VAZQUEZ ("VAZQUEZ") is engaged in narcotics and firearms distribution. Based on information gathered from

a Confidential Source (CS)[1], VAZQUEZ is able to provide a number of different narcotics, including but not limited to heroin, cocaine, and MDMA, and firearms to individuals. The CS provided Cook County investigators with VAZQUEZ's physical description and positively identified VAZQUEZ through a photograph shown by Cook County investigators. The CS informed investigators that he/she contacts VAZQUEZ who uses telephone number (312) XXX-7566 (Subject Phone 1).

7. Based on my review of VAZQUEZ's criminal history, I know that VAZQUEZ is a convicted felon. Specifically, VAZQUEZ's criminal history includes a 2013 conviction from the Central District of Illinois for violating Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking crime, for which he received 60 months in prison.

8. Following the information provided from the CS, a Cook County Sherriff's Department undercover officer (UCO) contacted VAZQUEZ, who was using Subject Phone 1, to discuss purchasing narcotics and firearms.

**Communication between the UCO and the User of Subject Phone 1 Regarding a May 8, 2024 Controlled Firearms Purchase**

9. According to the UCO, from May 7, 2024, through May 8, 2024, VAZQUEZ, who was using Subject Phone 1, communicated with the UCO via text message and phone calls to arrange a firearms transaction on May 8, 2024.

---

[1] The CS is currently a registered Confidential Informant with the Cook County Sheriff's Department. The CS is cooperating with law enforcement for consideration in a pending case. The CS throughout this investigation has been cooperative and truthful to investigators and the information provided to law enforcement officials has been credible and corroborated by law enforcement surveillance, audio and video recording, and law enforcement investigation.

Specifically, on May 7, 2024 at approximately 10:36 p.m., VAZQUEZ, using Subject Phone 1, stated via text message, "They'll be here in a little bit. I'll send you some pics." On the next day, VAZQUEZ, using Subject Phone 1 sent two photographs of two different pistols. Following the photographs, VAZQUEZ, who was using Subject Phone 1, sent a text message stating, "Top is .45 Bottom [is] G22 .40[.]" Subject Phone 1 further stated, "Waiting on call for mini longs[.]" Based on my training and experience, I understood VAZQUEZ's reference to "mini longs" to mean he was waiting on the call for the AR-style pistols. The UCO and VAZQUEZ then proceeded to discuss pricing, purchasing cocaine and potentially heroin, and scheduling the firearm pick-up. The UCO and VAZQUEZ agreed via text message that the UCO would arrive at VAZQUEZ's residence at approximately 12:30 p.m.

## May 8, 2024, Controlled Firearms Purchase

10. On May 8, 2024, at approximately 1:25 p.m., the UCO and the undersigned ("ATF UCO") arrived at 1812 W. Division, which law enforcement knows to be VAZQUEZ's residence based on prior firearms purchases conducted between the UCO and VAZQUEZ. The UCO called VAZQUEZ, who was using Subject Phone 1, to let him know that he/she arrived. VAZQUEZ told the UCO that the door was open, but when the UCO tried to open it, the door was locked. The UCO then called VAZQUEZ again and VAZQUEZ stated he would be right down to open the door. VAZQUEZ opened the front door to the apartment complex and guided the ATF UCO and UCO to his apartment.

4

11. According to the UCO, while inside the apartment, VAZQUEZ opened a black safe utilizing a key. Inside the safe, the UCO observed multiple firearms. VAZQUEZ displayed to the UCO a Glock Model 22Gen4 40 caliber pistol ("Glock") and a Rock Island Armory Model 1911A1 45 caliber firearm ("Rock Island 1911"). VAZQUEZ handed the UCO the Rock Island 1911 and the UCO ejected the magazine, which contained live rounds of ammunition. VAZQUEZ also handed the UCO the Glock firearm.

12. VAZQUEZ then handed the ATF UCO a black firearm from the safe. The ATF UCO then ejected a live round of ammunition from the chamber. The ATF UCO picked up the live round from the floor and made a comment about the firearm being loaded, to which VAZQUEZ replied in summary that he does not keep an empty gun in this house.

13. After negotiating pricing, the UCO handed the ATF UCO the Glock and the Rock Island 1911, as well as a box of ammunition that VAZQUEZ provided. The ATF UCO then handed VAZQUEZ $2,100 in exchange for the Glock and the Rock Island 1911. The ATF UCO and the UCO asked about the additional firearms that VAZQUEZ was removing from inside the safe to which VAZQUEZ replied those were his personal firearms, but that one may by on the market soon.

14. VAZQUEZ attempted to "front" [street terminology for providing an item to an individual without an immediate exchange of currency but an expectation that the recipient would pay the money owed later] the UCO two ounces of cocaine,

5

which the UCO declined. Shortly thereafter, the ATF UCO and the UCO exited the apartment, in possession of the Glock 22 pistol and the Rock Island 1911 firearm.

15. I believe the user of Subject Phone 1 to be VAZQUEZ because, among other reasons, after reviewing the recorded audio from the UCO's telephone calls with the user of Subject Phone 1, I recognize VAZQUEZ's voice based on my in-person interactions with him during the May 8, 2024 transaction.

16. In addition, I have reviewed a photo of VAZQUEZ from law enforcement database and recognize the person I met during the May 8, 2024 transaction as VAZQUEZ.

17. Based on a nexus determination by a certified ATF nexus examiner, the Glock Model 22Gen4 40 caliber pistol, bearing serial number PNA751; and the Rock Island Armory Model 1911A1 45 caliber firearm bearing serial number RIA2042065, that were purchased from VAZQUEZ on May 8, 2024, were not manufactured in Illinois and therefore traveled in and affected interstate commerce.

## II. CONCLUSION

18. Based on the foregoing, I respectfully submit that there is probable cause to believe that, on or about May 8, 2024, RENE VAZQUEZ committed the offense of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NOT.

*Mariela Lopez*
MARIELA LOPEZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone May 20, 2024.

_____
Honorable Jeffrey Cole
United States Magistrate Judge