**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cr-00254-1 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| RENE VAZQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Rene Vazquez's ("Vazquez") motion to dismiss Count 2, 4, 6, 9, 10, 13, and 14 of the August 6, 2024 superseding indictment on grounds that 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A) violate the Second Amendment both facially and as applied to him in light of the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) and *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024). For the following reasons, the motion is denied.

**Background**

The following background is drawn from the discovery tendered in this case as of the date of this order, the indictment, Dkt. 14, the superseding indictment, Dkt. 32, and the parties' briefing of this motion. (Dkt. 40, 42.) On May 20, 2024, Vasquez was charged by criminal complaint with a violation of 18 U.S.C. § 922(g)(1). On May 28, 2024, a federal grand jury indicted Vasquez on charges of being a felon in possession of two firearms in violation of 18 U.S.C. § 922(g)(1), to which Vasquez pled not guilty on May 31, 2024. On August 6, 2024, a superseding indictment was returned expanding the charges to fourteen counts: one count of illegal gun trafficking (Count 1), six counts of being a felon in possession of a firearm (Counts 2, 4, 6, 9, 10, and 13), five counts of distribution of a controlled substance (Counts 3, 5, 7, 8, and 11), one count of possession with intent to distribute a

controlled substance, specifically, 40 grams or more of fentanyl and a detectable amount of cocaine (Count 12), and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 14). At the time of the superseding indictment, Vasquez had been convicted of ten prior felonies for narcotics, firearm, robbery, and burglary offenses, interspersed with repeated violations of probation and bond. As with the prior indictment, Vasquez pled not guilty to these charges on August 15, 2024. On October 17, 2024, Vasquez filed the present motion to dismiss Count 2, 4, 6, 9, 10, 13, and 14 from the indictment.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

*A. Analyzing the Constitutionality of Firearm Restrictions Under the Second Amendment*

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

2

The test for analyzing the constitutionality of firearm restrictions is provided by *Bruen*. 597 U.S. at 24. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* If so, the Constitution presumptively protects that conduct and the burden shifts to the government to demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024) (applying *Bruen*).

B. *Seventh Circuit precedent on facial challenges 18 U.S.C. §§ 922(g)(1) and 924(c) in light of* Bruen

The Seventh Circuit's recent precedent regarding the constitutionality of facial and as-applied challenges to 18 U.S.C. §§ 922(g)(1) and 924(c) is instructive to Vasquez's as-applied challenge to the constitutionality of these statutes. The Seventh Circuit recently foreclosed criminal defendants from facially challenging the constitutionality of § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). In *Gay*, the defendant challenged his conviction under § 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms "notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* The Seventh Circuit noted that the defendant's argument was "hard to square" with the Supreme Court's statement in *Heller* that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* ("Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*.") (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns.").

3

Courts in this district have since interpreted *Gay* as foreclosing challenges to § 922(g)(1). *See, e.g.*, *United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill. July 9, 2024) (Kennelly, J.) (holding that defendant's challenge to § 922(g)(1) was foreclosed by *Gay*); *United States v. Montgomery*, No. 23 CR 623, 2024 WL 4240759, at *1 (N.D. Ill. Sept. 19, 2024) (Coleman, J.) (holding the same). And prior to *Bruen*, the Seventh Circuit also rejected Second Amendment challenges to § 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."); *see also United States v. Paulk*, No. 23-CR-00372-3, 2024 WL 4265248 (N.D. Ill. Sept. 23, 2024) (Coleman, J.) (holding that § 924(c) "is not covered by the plaint text of the Second Amendment and is facially constitutional") (citation omitted).

Consistent with Seventh Circuit precedent, the Court denies Vazquez's motion to dismiss the indictment on the grounds that § 922(g)(1) and § 924(c) are facially unconstitutional.

### C. Defendant's as-applied challenge to 18 U.S.C. §§ 922(g)(1) and 924(c)

Vazquez next challenges the constitutionality of § 922(g)(1) and § 924(c) as applied. After holding that *Bruen* barred facial challenges to the constitutionality of the statute, the *Gay* court proceeded, "for the sake of argument" to consider whether "there is *some room* for as-applied challenges" to § 922(g)(1). *Gay*, 98 F.4th at 846. "When describing the persons who possess rights under the Second Amendment" the court noted, "*Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* The court then reviewed the defendant's criminal record, noting that he "ha[d] been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison" and had violated a condition of his parole that he would not possess a firearm. *Id.* at 846–47. "Just as *Samson* holds that parolees lack the same privacy rights as

4

free persons," the court concluded, "parolees lack the same armament rights as free persons." *Id.* at 847 (citing *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006)). Because of this criminal history and the conditions of his arrest, the court held that the defendant was not a "'law-abiding, responsible' person who has a constitutional right to possess firearms" and rejected the defendant's as-applied challenge to the constitutionality of his conviction under § 922(g)(1). *Id.*

The Court applies this same test to consider the constitutionality of § 922(g)(1) and § 924(c). Here, Vazquez has a significant criminal history. Between 1989 and 2009, Vazquez was convicted of ten felonies, including two convictions for manufacture/delivery of a controlled substance, two convictions for narcotics related offenses, a conviction for robbery, two convictions for burglary, two convictions for possession of a firearm by a felon, and a federal conviction for possession of a firearm in furtherance of a drug trafficking crime. The fact that some of these felony convictions were for drug-related offenses does not reduce the weight of Vasquez's criminal history, as courts have long regarded the nexus between drug trafficking and guns as being particularly dangerous. *See, e.g.*, *U.S. v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011) ("Drug crimes are associated with dangerous and violent behavior and warrant a higher degree of precaution."); *U.S. v. Rhodes*, 229 F.3d 659, 661 (7th Cir. 2000) ("Guns are among the tools of the drug trade."); *U.S. v. Castillo*, 406 F.3d 806, 814 (finding that § 924(c) was intended by Congress to "combat the dangerous combination of drugs and guns").

Because of this criminal history, the Court finds that Vazquez is not a "law-abiding citizen" under *Gay*. Accordingly, the Court denies Vazquez's motion to dismiss the indictment on the grounds that § 922(g)(1) and § 924(c) is unconstitutional as applied to him.

**Conclusion**

For these reasons, the Court denies Defendant's motion to dismiss the indictment, as 18 U.S.C. §§ 922(g)(1) and 924(c) do not violate the Second Amendment facially or as applied to Vazquez [40].

**IT IS SO ORDERED.**

Date: 2/5/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge